NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

DEC 21 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ALAN B. KALIN, | No. 22-16766 |
| Plaintiff-Appellant, | D.C. No. 4:21-cv-01062-YGR |
| v. | |
| SEMPER MIDAS FUND, LTD.; GREGORY A. PARSONS; DAVID BREE; SEMPER CAPITAL MANAGEMENT, L.P.; SEMPER CAPITAL PARTNERS, LLC; RDP I, LLC; RSL CAPITAL, LLC; STEPHEN C. ELLWOOD; RICHARD D. PARSONS; RONALD S. LAUDER; GREGORY W. ELLIS, | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Yvonne Gonzalez Rogers, District Judge, Presiding

Argued and Submitted December 11, 2023
San Francisco, California

Before: GOULD, KOH, and DESAI, Circuit Judges.

Plaintiff Alan Kalin sued Defendants Semper Midas Fund (the "Fund") and

Semper Capital Management, and their parent companies and directors, alleging

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

violations of a California statute prohibiting false or misleading statements in securities transactions. Cal. Corp. Code §§ 25401, 25501, 25504.

Plaintiff appeals the district court's order dismissing his complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) and dismissing some defendants for lack of personal jurisdiction under FRCP 12(b)(2). We have jurisdiction under 28 U.S.C. § 1291, and we affirm the district court's dismissal for failure to state a claim.[1]

1.      There is a well-recognized distinction in commercial transactions between factual representations and "[s]tatements of mere corporate puffery." *Police Ret. Sys. of St. Louis v. Intuitive Surgical, Inc.*, 759 F.3d 1051, 1060 (9th Cir. 2014); *see also Apollo Cap. Fund, LLC v. Roth Cap. Partners, LLC*, 70 Cal. Rptr. 3d 199, 224 (Cal. Ct. App. 2007). Puffery is not actionable as a matter of law because "a reasonable consumer would not interpret the statement as a reliably factual claim." *Coastal Abstract Serv., Inc. v. First Am. Title Ins. Co.*, 173 F.3d 725, 731 (9th Cir. 1999). Actionable statements of fact can be distinguished from puffery because "[factual] statements . . . can be [proven] true or false on an objective standard" and thus are objectively verifiable, whereas subjective opinions

---

[1] Because we affirm dismissal of the claims against the Fund and Semper Capital Management, and all other claims depend on the claims against those defendants, we need not reach the issue of personal jurisdiction over the other defendants.

and descriptors are not. *Or. Pub. Emps. Ret. Fund v. Apollo Grp. Inc.*, 774 F.3d 598, 606 (9th Cir. 2014).

2. Plaintiff identifies three of Defendants' statements as allegedly false or misleading. The first statement is that "the Fund engaged in 'rigorous cash flow modeling, scenario analysis and stress testing.'" Plaintiff argues that this statement is false or misleading because the Fund's analysis was not "rigorous." There is no support for Plaintiff's argument that a reasonable investor would interpret the term "rigorous" as indicating that the Fund's methods of analysis "conformed to generally accepted standards." Whether the Fund's analysis was "rigorous" cannot be proven objectively true or false, and this statement is nonactionable puffery.

3. The next statement Plaintiff claims is false or misleading states that "the Fund maintained a 'constant focus on liquidity, risk management and downside protection.'" Plaintiff's assertion that a reasonable investor would interpret the Fund's "constant focus" as implying a specific risk management plan is unsupported. Whether the Fund maintained a "constant focus" on particular topics cannot be proven objectively true or false, and this statement is nonactionable puffery.

4. The final statement that Plaintiff claims is false or misleading states that "repo agreements presented 'a certain amount of collateral risk' but that by utilizing hedging strategies any decline in value would be 'substantially, if not

3

fully, offset by the hedging vehicle.'" A statement that the Fund's investments entail a "certain amount of risk" cannot be proven true or false, because a "certain amount" can be any amount.

5. Defendants' prediction that market declines would be "substantially, if not fully, offset by the hedging vehicle" is an optimistic pitch for the Fund's strategy. At best, the statement represented that the Fund would use hedging vehicles in an attempt to offset potential losses. Plaintiff alleges that "there was no hedging vehicle in place to protect against a situation" like the one that resulted in Plaintiff suffering substantial losses. Plaintiff does not, however, allege that the Fund failed to use any hedging vehicle at all, that the Fund represented it had a specific hedging strategy for volatile market conditions, or that the Fund guaranteed success. The sales documents disclosed that "[a]n investment in the Fund and the Partnership is speculative and involves a high degree of risk. There is no assurance that the Fund or the Partnership will be profitable or that an investor will not lose some or all of its investment in the Fund or the Partnership." The documents additionally disclosed that "[t]he higher the degree of leverage obtained, the greater the chance of a collateral call"; that the investment "entails a high degree of risk" and "an investor could suffer a substantial loss as a result of an investment" in the Fund; and that "large and sudden movements in interest rates could result in substantial losses," including the loss of Plaintiff's "entire

4

investment." Reading Defendants' disclosures together, any reasonable investor would have understood that the Fund's hedging vehicles were not guaranteed to substantially or fully offset losses. Plaintiff's allegations to the contrary are "mere conclusory statements" that "do not suffice" to state a claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

6. None of the challenged statements are plausibly alleged to be false or misleading. Accordingly, the district court correctly granted the motion to dismiss under FRCP 12(b)(6).

**AFFIRMED.**